**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| REYNOL RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>AARON HOOTEN, SINGLETREE TRANSPORTATION, INC., D/B/A ANGLE BROTHERS, AND JAYME SALGADO HUERTE,<br><br>Defendants. | ) | No. 26-cv-05218 |

**<u>COMPLAINT AT LAW</u>**

**COUNT I v. AARON HOOTEN**

NOW COMES the Plaintiff, REYNOL RAMOS, by and through his attorney, MITCH FRIEDMAN INJURY LAW, and complaining of the Defendant, AARON HOOTEN, alleges as follows:

1. That on or about April 6, 2026, Plaintiff, REYNOL RAMOS, was an on-duty police officer employed by the Town of Cicero, IL

2. That at the time and place aforesaid, Plaintiff, REYNOL RAMOS was the front seat passenger in a City of Cicero police department vehicle being driven by another on-duty Town of Cicero, IL police officer, MARTIN LOPEZ, in the course of law enforcement.

3. That at the time and place aforesaid, the vehicle driven by MARTIN LOPEZ was travelling northbound on South Cicero Avenue approaching the intersection with Roosevelt Road in the Town of Cicero, County of Cook, State of Illinois.

4. That at the time and place aforesaid, Defendant, AARON HOOTEN, was a servant, agent, and/or employee of Defendant, SINGLETREE TRANSPORTATION, INC., D/B/A ANGLE BROTHERS, and, at all times relevant hereto, in the course and scope of his employment.

5. That at said time and place, Defendant, AARON HOOTEN, was operating a motor vehicle, namely a tractor and with trailer, southbound on South Cicero Avenue approaching the intersection with Roosevelt Road in the Town of Cicero, County of Cook, State of Illinois.

6. At that said time and place, the vehicle driven by Defendant, AARON HOOTEN, turned left onto Roosevelt Road, in the path of the vehicle in which REYNOL RAMOS was a passenger, such that Defendant caused a collision with the vehicle in which Plaintiff, REYNOL RAMOS was a passenger and which caused said vehicle to collide with additional vehicles.

7. That at all times aforesaid, it was the duty of the Defendant, AARON HOOTEN, to exercise ordinary care for the safety of the Plaintiff and to be free from negligence.

8. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Turned left when it was not safe to do so;

(b) Failed to keep a proper and sufficient lookout;

(c) Failed to keep his automobile under control at all times;

(d) Failed to keep his automobile within his lane of traffic; and,

(e) Operated his motor vehicle in a reckless manner in violation of 625 ILCS 5/11-503.

9. That the aforesaid careless and negligent acts and/or omissions of the Defendant were a proximate cause of said collision and Plaintiff's personal injuries as hereinafter mentioned.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, and was, and will be hindered and prevented from attending to their usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, REYNOL RAMOS, demands judgment against the Defendant, AARON HOOTEN, in a dollar amount to satisfy the jurisdictional limitation of this Court and said additional amounts as the jury and the Court shall deem proper, and additionally, cost of said suit.

## COUNT II
## v.
## SINGLETREE TRANSPORTATION, INC., D/B/A ANGLE BROTHERS

NOW COMES the Plaintiff, REYNOL RAMOS, by and through his attorney, MITCH FRIEDMAN INJURY LAW, and complaining of the Defendant SINGLETREE TRANSPORTATION, INC., D/B/A ANGLE BROTHERS (hereinafter “SINGLETREE TRANSPORTATION”), alleges as follows:

11. Plaintiff hereby realleges and incorporates paragraphs 1-7 from Count I as if they were fully restated herein.

12. That at all times aforesaid, it was the duty of the Defendant, SINGLETREE TRANSPORTATION, to exercise ordinary care for the safety of the Plaintiff and to be free from negligence.

13. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Defendant SINGLETREE TRANSPORTATION negligently entrusted their vehicle to Defendant, AARON HOOTEN, when they knew or should have known that he could not safely operate said vehicle and thereby caused or contributed to the crash and injuries to Plaintiff;

(b) Defendant SINGLETREE TRANSPORTATION failed to properly train Defendant AARON HOOTEN, to drive the vehicle in such a manner that caused or contributed to the crash and injuries to Plaintiff; and,

(c) Defendant SINGLETREE TRANSPORTATION failed to provide Defendant AARON HOOTEN a safe vehicle such that is caused or contributed to the crash and injuries to Plaintiff.

14. That the aforesaid careless and negligent acts and/or omissions of the Defendant were a proximate cause of said collision and Plaintiff's personal injuries as hereinafter mentioned.

15. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, and was, and will be hindered and prevented from attending to their usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, REYNOL RAMOS, demands judgment against the Defendant, SINGLETREE TRANSPORTATION, in a dollar amount to satisfy the jurisdictional limitation of this Court and said additional amounts as the jury and the Court shall deem proper, and additionally, cost of said suit.

**COUNT III**
**v.**
**JAYME SALGADO HUERTE**

NOW COMES the Plaintiff, REYNOL RAMOS, by and through his attorney, MITCH FRIEDMAN INJURY LAW, and complaining of the Defendant JAYME SALGADO HUERTE, alleges as follows:

16. Plaintiff hereby realleges and incorporates paragraphs 1-5 from Count I as if they were fully restated herein.

17. At that said time and place, the vehicle driven by Defendant, AARON HOOTEN, turned left onto Roosevelt Road, in the path of the vehicle in which REYNOL RAMOS was a passenger, such that Defendant caused a collision with the vehicle in which Plaintiff, REYNOL RAMOS was a passenger,

18. After colliding with the vehicle driven by Defendant, AARON HOOTEN, the vehicle in which Plaintiff, REYNOL RAMOS was a passenger was struck by Defendant, JAYME SALGADO HUERTE.

19. That at all times aforesaid, it was the duty of the Defendant, JAYME SALGADO HUERTE, to exercise ordinary care for the safety of the Plaintiff and to be free from negligence.

20. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Turned left when it was not safe to do so;

(b) Failed to keep a proper and sufficient lookout;

(c) Failed to keep his automobile under control at all times;

(d) Failed to keep his automobile within his lane of traffic; and,

(e) Operated his motor vehicle in a reckless manner in violation of 625 ILCS 5/11-503.

21. That the aforesaid careless and negligent acts and/or omissions of the Defendant were a proximate cause of said collision and Plaintiff's personal injuries as hereinafter mentioned.

22. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, and was, and will be hindered and prevented from attending to their usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, REYNOL RAMOS, demands judgment against the Defendant, JAYME SALGADO HUERTE, in a dollar amount to satisfy the jurisdictional limitation of this Court and said additional amounts as the jury and the Court shall deem proper, and additionally, cost of said suit.

Respectfully Submitted,

By: /s/ Mitchell B. Friedman
Attorney for Plaintiff

Mitchell B. Friedman
**MITCH FRIEDMAN INJURY LAW**
941 Skokie Ridge Drive
Glencoe, IL 60022
(773) 294-4235
IL Bar#6269773
E-mail: Mitch@MF-IL.com